BENNY V. McGOUGH AND VERNICE McGOUGH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McGough v. Commissioner
Docket No. 21249-81.
United States Tax Court
T.C. Memo 1984-646; 1984 Tax Ct. Memo LEXIS 26; 49 T.C.M. (CCH) 296; T.C.M. (RIA) 84646; December 13, 1984. Benny V. McGough, pro se. Joan J. Fahlgren, for the respondent. CLAPP MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined deficiencies in petitioners' Federal income tax for the years 1975, 1976, and 1977 in the respective amounts of $985.82, § 2,809.44, and $2,355.72. Respondent also determined that petitioners were liable for additions to tax for 1975, 1976 and 1977 in the amounts of $3,600.62, *27 $4,351.89, and $4,691.36, respectively, pursuant to section 6653(b). [1] After concessions, the only issue remaining for our decision is whether petitioners are liable for the fraud addition for 1975, 1976, and 1977. FINDINGS OF FACT A few of the facts of this case have been made part of a stipulation, and the exhibits attached thereto. They are incorporated herein by this reference. Petitioners conceded at trial that the basic tax liability was correct. The only remaining issue is whether petitioners fraudulently and with the intent to evade their taxes overstated their deductions. Benny and Vernice McGough, petitioners, resided in Westland, Michigan, when their petition was filed. Mr. McGough is a school principal who has a master's degree and is working toward his doctorate degree. Mrs. McGough is a school teacher. For the years in question (1975-1977), petitioners claimed excess deductions for interest paid to credit card companies, credit unions, and mortgage companies. Specifically, in 1975, petitioners claimed a $240 deduction for interest paid to *28 Bank Americard, when the actual amount of interest paid was $9.44. They also claimed to have paid $237 of interest to American Express. The American Express Company does not charge interest routinely, and the McGoughs in actuality paid zero dollars of interest to that company. Additionally in 1975, petitioners deducted $980.00 for interest paid to Wayne Outcounty Teachers' Credit Union when in fact only $384.94 of interest was paid. On their 1975 return, petitioners claimed that $246 of interest was paid to MasterCard; the true amount of interest paid was $75.89. The McGoughs did not pay any interest in 1975 to the Detroit Teachers' Credit Union although they claimed to have paid $571.01. Petitioners repeated this same pattern of either fabricating or overstating their interest deductions on their 1976 tax return. Petitioners deducted $240.00 for interest supposedly paid to Bank Americard in 1976. The true amount of interest paid by petitioners was $48.23. Again in 1976, the McGoughs took a $257 interest deduction for interest allegedly paid to American Express. No interest whatsoever was paid by petitioners to American Express in 1976. Petitioners claimed a deduction *29 on their return for $980 of interest paid to Wayne Outcounty Teacher's Credit Union when in fact only $206.73 was paid. A deduction was taken by petitioners for $251 of interest paid to MasterCard; the actual amount of interest paid to MasterCard in 1976 was $91.57. For the 1977 tax year, the McGoughs once again overstated their legitimate deductions, and created improper deductions. They claimed a deduction of $290.00 for interest paid to American Express. As in the previous years, neither did the American Express Company charge interest nor did the McGoughs pay any interest to the company. Also on their 1977 return, petitioners claimed a deduction of $1,510.00 for interest on their home mortgage. They also claimed a deduction in the amount of $502.69 for interest paid to Fort Wayne Mortgage. Petitioners were allowed the deduction attributable to the Fort Wayne Mortgage payments. Petitioners, however, did not substantiate any other home mortgage interest paid. In 1975, Vernice McGough received $1,203.00 from the Variable Annuity Life Insurance Company as an early withdrawal from her annuity account. Even though the company sent her a Form 1099 indicating this *30 distribution was taxable, neither petitioner reported this amount as income on their 1975 return. In 1976, the Variable Annuity Life Insurance Company sent Vernice McGough $1,700.00 as an early withdrawal from her annuity account. Again a Form 1099 was sent to petitioners. Again, petitioners ignored it and did not report this income on their 1976 tax return. In October 1977, respondent sent petitioners a letter asserting that there would be a tax resulting from the distribution received in 1975 from the life insurance company. The McGoughs did not ignore this letter; they paid the tax attributable to the distribution. However, the letter from respondent was still not enough, for in 1977, Vernice McGough once again received $1,400.00 from Variable Annuity and received a Form 1099, but petitioners still did not report this income on their 1977 tax return. During 1975, 1976, and 1977, Benny McGough served on the City Planning Commission. He received $400.00, $425.00, and $350.00 as payments for his services in 1975, 1976, and 1977, respectively. Petitioners failed to report this income for 1975, 1976, or 1977. In 1978, the McGoughs were audited. Benny McGough *31 repeatedly presented false and altered documents to the tax auditor. The figures on a Shifrin Willens' receipt were changed from $145.40 to $345.40. To the same tax auditor, Benny McGough presented a receipt which purported to show he had paid $391.51 in interest to the Bank of the Commonwealth for a MasterCard account in 1976. The amount originally shown on the receipt was $91.57. In connection with his submission of the Shifrin Willens' receipt and the receipt from the Bank of the Commonwealth, Benny McGough was indicted. He was charged with submitting false documents to officers of the Internal Revenue Service in violation of 26 U.S.C. section 7207 (1982). On January 14, 1981, Benny McGough pled guilty to that charge. Benny McGough also submitted to the same tax auditor a J.L. Hudson Company receipt which purported to show $251.19 in interest had been paid. In actuality, the amount of interest on the receipt was $15.19. He presented a receipt which supposedly showed $255.07 of interest paid to Hughes and Hatcher in 1976. The amount of interest originally shown on that receipt was $55.07. A check allegedly written for property taxes dated *32 1976 was submitted by Benny McGough to the tax auditor. The true date of the check was 1975. Another check in the amount of $308.12 was submitted by petitioner. The original amount of the check was $208.12. A check which had originally been made payable to Benny McGough, was presented by him allegedly payable to the Association of Curriculum Development. Benny McGough testified at trial that "in regards to the amounts of deductions that were on those tax returns, were made and were done based on estimates that were claimed by us." According to Benny McGough's testimony, "estimates had to be made on most of those items." Petitioners' 1975 tax return was filed on April 28, 1976. Their 1976 return was filed on May 4, 1977, and their 1977 return was filed on May 8, 1978. The notice of deficiency was issued on May 6, 1981. Respondent contends that petitioners understated their taxable income for the years 1975, 1976, and 1977 by deliberately overstating their deductions, and knowingly and fraudulently omitting items of income. Contrariwise, petitioners maintain that they did not overstate their deductions with an intent to defraud the government; they merely estimated incorrectly. *33 We aver to respondent's contention. OPINION Pursuant to section 6653(b)(1) if any part of any underpayment of tax required to be shown on the return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. The burden of proving fraud is on respondent, and that burden of proof is to be carried by clear and convincing evidence. Rule 142(b). [2] Fraud is an issue of fact to be determined upon a consideration of the entire record. Stratton v. Commissioner,54 T.C. 255 (1970). Mere negligence is not proof of fraud, in intent or purpose to evade tax is essential. Briden v. Commissioner,11 T.C. 1095, 1133 (1948). The intent, however, may be proven by circumstantial evidence. Stoltzfus v. United States,398 F.2d 1002 (3d Cir. 1968). The evidence in the instant case shows that Benny McGough not once, or twice, but many times fabricated entirely, or grossly overstated his interest deductions for 1975, 1976, and 1977. He claimed that the deductions taken were based upon estimates, *34 which he had made because he allegedly did not receive statements from the charge card companies indicating how much interest he had paid. In every year at issue, petitioners filed their returns after the April 15 deadline. We find it hard to believe, and we do not believe, that the McGoughs never once received accurate interest paid statements from any of the credit card companies for which they exaggerated their deductions. For 1975, 1976, and 1977, petitioners claimed as deductions $237, $257, and $290, respectively, for interest paid to American Express. The American Express Company does not, and did not then charge interest routinely. At the end of each billing period, the full amount on the statement is due. Benny McGough, a man who is a school principal and supposedly setting an example for the children of tomorrow, would have us believe that he merely over estimated his interest payments (by over $200 each year) to a company that does not even routinely charge interest. An understatement of taxes giving rise to an assessment under section 6653(b) may be accomplished by an overstatement of deductions. Estate of Temple v. Commissioner,67 T.C. 143, 161 (1976). *35 The McGoughs clearly have overstated their legitimate deductions. Not only did the McGoughs overstate several deductions for each year in question, but they also purposefully failed to report income that Vernice McGough received in 1975, 1976, and 1977, despite the receipt of Forms 1099 alerting them to the fact that an early annuity payment was income. Only when the Internal Revenue Service called to their attention that the early annuity payment received in 1975 was income as defined by section 61, and was subject to inclusion on their return, did the McGoughs pay the tax attributable thereto. In 1977, despite the letter from respondent in regard to the same exact type of payment in 1975, the McGoughs still failed to include the payment on their 1977 tax return. In December 1978, Benny McGough submitted altered documents to a tax auditor. He was indicted on a charge of submitting false documents to officers of the Internal Revenue Service in violation of 26 U.S.C. section 7207. He pled guilty to this charge. Benny McGough testified at trial that he had not submitted altered documents to respondent. He feigned ignorance of what was on those *36 documents. His attempt to deny knowledge of the altered documents is feeble. He not only has already pled guilty to submitting false documents to an agent of respondent, but neither he nor Vernice McGough made any attempt at trial to implicate any one or even suggest a possible explanation. In fact, at trial in response to respondent's question of "who else would possibly have a motive to change these documents(?)", Benny McGough answered that-- the motive * * * would be the taxpayer's benefit, obviously if it is going to accrue some degree of monies back from the Government, or not having to pay out money to the Government * * * then the motive would be in favor of the taxpayer. Nor can petitioners escape their responsibility for a correct return by committing its preparation to others. Briden v. Commissioner,supra. Respondent urges that petitioners have deliberately overstated their deductions and have consciously omitted income. After surveying petitioners' entire course of conduct including Benny McGough's testimony, which we find unreliable and not in the least credible, we find petitioners' actions motivated by an intent to evade taxes. *37 We therefore find for respondent on the issue of fraud. In their petition, the McGoughs asserted that the notice of deficiency was not timely. They did not raise this issue at trial. To quell any further questions on the issue, it is well established that there is no statutory time limit on the assessment of the deficiency where part of the underpayment was due to fraud. Stone v. Commissioner,56 T.C. 213 (1971). In light of the foregoing, Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless indicated otherwise.↩
2. All rules herein refer to the Rules of Practice and Procedure of the United States Tax Court.↩